UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                    :
DR. CRISTIAN STEFAN and DR. ANCUTA STEFAN,          :       10 CV 00192 (AKH)
                                                    :
                        Plaintiffs,                 :
                                                    :
        -against-                                   :       **ANSWER**
                                                    :
TOURO COLLEGE and TOURO UNIVERSITY                  :
COLLEGE OF MEDICINE, INC.,                           :
                                                    :
                        Defendants.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Defendants, Touro College and Touro University College of Medicine,

Inc., by their attorneys, Snitow Kanfer Holtzer & Millus, LLP, as and for their Answer

to the Complaint of plaintiffs, allege as follows:

## THE PARTIES

        1.      Deny knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph "1" of the Complaint.

        2.      Deny knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph "2" of the Complaint.

        3.      Deny knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph "3" of the Complaint, except aver that

Touro College is a Jewish-sponsored independent institution of higher and professional

education incorporated by action of the Board of Regents of the University of the State

of New York Education Department, is subject to provisions of the New York

Not-For-Profit Corporation Law, and maintains its principal business address at the location alleged.

       4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the Complaint, except aver that Touro University College of Medicine, Inc. ("TouroMed") was formed as an independent institution under Jewish auspices pursuant to the New Jersey not-for-profit corporation laws, has had certain affiliation with Touro College, and maintained a principal business address at the location alleged, and further, deny the allegations to the extent they allege or suggest that TouroMed is presently an operational institution.

## JURISDICTION

       5.    Except as hereinbefore admitted or otherwise pleaded, defendants deny the allegations contained in Paragraph "5" of the Complaint.

       6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the Complaint.

## VENUE

       7.    Except as hereinbefore admitted or otherwise pleaded, defendants deny the allegations contained in Paragraph "7" of the Complaint.

       8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "8" of the Complaint.

## COUNT ONE

9.      Except as hereinbefore admitted or otherwise pleaded, defendants deny the allegations contained in Paragraph "9" of the Complaint.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Complaint, except admit that a certain Exhibit "A" is annexed to the Complaint, and respectfully refer the Court to said exhibit and the alleged written employment contract for the true content and meaning thereof.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the Complaint, and respectfully refer the Court to the alleged contract for the true content and meaning thereof.

12.     Insofar as there is no Paragraph "12" in the Complaint, no response is required.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of the Complaint, and respectfully refer the Court to the alleged contract for the true content and meaning thereof.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "14" of the Complaint.

15.     Deny the allegations contained in Paragraph "15" of the Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the Complaint, except

3

admit that a certain Exhibit "B" is annexed to the Complaint, and respectfully refer the Court to said exhibit for the true content and meaning thereof.

17.    Deny the allegations contained in Paragraph "17" of the Complaint.

18.    Deny the allegations contained in Paragraph "18" of the Complaint.

19.    Deny the allegations contained in Paragraph "19" of the Complaint.

## COUNT TWO

20.    Except as hereinbefore admitted or otherwise pleaded, defendants deny the allegations contained in Paragraph "20" of the Complaint.

21.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" of the Complaint, except admit that a certain Exhibit "C" is annexed to the Complaint, and respectfully refer the Court to said exhibit and the alleged written employment contract for the true content and meaning thereof.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of the Complaint, and respectfully refer the Court to the alleged contract for the true content and meaning thereof.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Complaint, and respectfully refer the Court to the alleged contract for the true content and meaning thereof.

4

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "24" of the Complaint, and respectfully refer the Court to the alleged contract for the true content and meaning thereof..

25. Deny the allegations contained in Paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "26" of the Complaint, except admit that a certain Exhibit "B" is annexed to the Complaint, and respectfully refer the Court to said exhibit for the true content and meaning thereof.

27. Deny the allegations contained in Paragraph "27" of the Complaint.

28. Deny the allegations contained in Paragraph "28" of the Complaint.

29. Deny the allegations contained in Paragraph "29" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

30. The Complaint fails to state any cause of action against defendant Touro College upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

31. The Complaint fails to state any cause of action against defendant TouroMed upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

32.     Defendants are in full compliance with the terms, conditions, and provisions of any employment contract(s) entered into with plaintiffs, if any, and with all applicable laws, rules, regulations, and The Medical Faculty Handbook of TouroMed.

## FOURTH AFFIRMATIVE DEFENSE

33.     Plaintiffs have failed to mitigate their damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

34.     If plaintiffs sustained damages as alleged in the Complaint, such damages were sustained solely through and by virtue of their own culpable conduct.

## SIXTH AFFIRMATIVE DEFENSE

35.     Defendants' obligations pursuant to any employment contact(s) entered into with plaintiffs, if any, are discharged by reason of frustration of purpose.

## SEVENTH AFFIRMATIVE DEFENSE

36.     Plaintiffs' claims are barred by the doctrines of waiver and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

37.     Plaintiffs' claims are barred by the doctrine of unclean hands.

WHEREFORE, defendants Touro College and Touro University College of Medicine, Inc. demand judgment as follows:

    a.    dismissing the Complaint in its entirety, with prejudice;

    b.    awarding defendants their costs and expenses, including reasonable attorneys' fees, for the defense of this action; and

    c.    awarding such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       March 15, 2010

SNITOW KANFER
HOLTZER & MILLUS, LLP

By: s/ Stewart J. Epstein
STEWART J. EPSTEIN (SE-4075)
575 Lexington Avenue, 14th Floor
New York, New York 10022-6102
(212) 317-8500
*Attorneys for Defendants*

TO:    GEORGE EDWARD DAZZO, ESQ. (GD-5989)
CARTIER, BERNSTEIN, AUERBACH & DAZZO, P.C.
100 Austin Street, Bldg. 2
Patchogue, New York 11772
(631) 654-4900
*Attorneys for Plaintiffs*

7